JULIAN E. BAILES, Judge Pro Tem.
This expropriation case concerns the taking of two parcels of land located in Assumption Parish, Louisiana in full ownership, the acquisition of a permanent servitude of drainage and a temporary construction servitude, all necessary for the completion of certain highway widenings or “flare-outs” for a new bridge across Bayou Lafourche near Paincourtville, which will connect the Paincourtville-Sun-shine Bridge Highway with Louisiana Highway 1.
At the location of the defendant’s property, Louisiana Highway 1 runs generally in an east-west direction and is paralleled on the north by Bayou Lafourche. Prior to the taking, the defendant owned 251.244 acres south of Louisiana Highway 1 which was entirely a sugar plantation. It also owned 6.180 acres to the north of that highway and fronting on Bayou La-fourche.
Involved in this taking under the provisions of LSA-R.S. 48:441 et seq., usually referred to as the “quick-taking” statute, were 3.332 acres south of Louisiana Highway 1 and, 2.912 acres paralleling that acquisition, which were also required for a three year temporary servitude to facilitate the construction of the project. Between the highway and Bayou Lafourche, 1.609 acres were required in full ownership and .091 acres were taken for a permanent drainage servitude which the parties agreed would amount to a complete taking. The acquisition north of Louisiana Highway 1 effectively split the defendant’s holdings at that location and created three remainders fronting on the Bayou of 1.53 acres, 2.95 acres, and one small strip measuring approximately 24 feet in width by 135 feet in length.
On October 28, 1971, the condemnor filed its petition for the takings previously described and deposited, as just compensation, the sum of $17,763.00 which was subsequently withdrawn by the defendant. Thereafter, the property owner sought increases through litigation and the case was duly tried. As a result thereof, the district court, in detailed written reasons for judgment, awarded $45,288.00 for the full ownership takings on both sides of the highway, $6,290.00 for the temporary construction servitude, severance damages in the amount of $4,108.00 and stipulated crop damages amounting to $178.19, all totaling $55,864.19. From that judgment, the Department of Highways has appealed. We affirm.
*148 Four expert appraisers were called by the parties during the course of the trial. The district judge concluded that the testimony of one of the defendant’s appraisers, Mr. Kermit A. Williams, most accurately reflected the loss experienced by the landowners. That decision was within the prerogative of that court and there is ample evidence in the record to support such a determination. Absent manifest error, the findings of the trial judge will not be distrubed. State, Department of Highways v. McPherson, 261 La. 116, 259 So.2d 33 (1972). We find no such error here.
Mr. Williams related that the highest and best use of all of that taken on both sides of the highway was for commercial and/or residential use and found its value to be $9,000.00 per acre. He also concluded that the remainder north of the highway had been damaged 15 per cent by the taking and that 13.713 acres south of the highway had been damaged to the extent of 10 per cent. That testimony was corroborated by Mr. Curtis Book, another appraiser offered by the defendant, whose values, and percentages pertaining to severance damages, varied only slightly from those of Williams.
Testifying for the State as appraisers were Messrs. Chester A. Driggers and Dan Carlock. They found that a marked difference existed between the value of the land on the north side of the highway and that on the south side due to a different highest and best use. Driggers found that property on the north side to be worth $7,850.00 per acre and Carlock placed value at 17 cents per square foot, that area having a highest and best use of residential or commercial. However, on the south side of the highway, they found the highest and best use to be agricultural only and that a proper valuation should be $800.00 per acre. They found no severance damages, with the exception of the 24 foot strip cut off by the drainage servitude which Mr. Carlock found had been damaged to the extent of 90 per cent.
Relying on the testimony of Williams, the trial court determined that the property taken on either side of the highway should be valued at $9,000.00 per acre. As noted in its written reasons for judgment, property fronting on Bayou Lafourche is typically in considerable demand for residential purposes and a number of comparable sales of like parcels sold for per acre prices exceeding $9,000.00. As for the property lying to the south of Louisiana Highway 1, the trial judge found that although the entire area had been a sugar plantation, that on the authority of this court’s decision in State, Department of Highways v. Mayer, 257 So.2d 723 (La.App. 1st Cir. 1971), the “front land-rear land” concept should be applied to the acreage taken. That concept recognizes that different classes of land may exist within a tract and that, where a front portion may be of greater value than the remainder of the tract to the rear, the frontage must be awarded the greater value rather than the average per acre value of the whole tract. State through Department of Highways v. Hoyt, 284 So.2d 763 (La.1973).
In Hoyt, our Supreme Court approved that appraisal method as follows:
“The landowner is thus to be awarded the actual market value of the particular portion of the property taken, valued according to its highest and best use. He is not limited to its average per-acre value as a pro rata portion of the parent tract where the front portion has a different and higher best-use value.
(Citations of authority omitted)
“As the cited decisions show, where the evidence shows that the front portion of the tract taken has a higher value than the rear portion not taken, the landowner must be awarded the higher value for the land actually taken rather than an averaged value based on its pro *149 portionate portion of the land-area of the parent tract.”
In an effort to rebut the proposition that the front portion of that tract had a higher and better use than the rear, the State offered the testimony of David E. Black, a well-qualified agricultural economist. The landowner’s objection to its relevancy was sustained, however, and it was then introduced and made a part of this record as an offer of proof. The thrust of that testimony was that the use of the front portion of this agricultural tract for residential or commercial purposes would be economically unsound and would jeopardize the entire agricultural operation because under current environmental requirements, a buffer zone of some forty unusuable acres would then be required for the aerial application of insecticides to that part still under cultivation. Other economic implications were also suggested, all of which lead the witness to conclude that the testimony of the defendant’s appraisers was unrealistic in that regard.
Initially, we find that the testimony of the witness was relevant to a determination of the highest and best use of the property south of Louisiana Highway 1 and was proper rebuttal to the landowner’s case. However, the weight that it should have been accorded by the trial judge is necessarily minimal; as previously noted herein, our Supreme Court, in Hoyt, supra, again -stated that “The landowner is thus to be awarded the actual market value of the particular portion of the property taken, valued according to its highest and best use.” The test, therefore, is that of highest and best use, not of what use a prudent landowner might make of his holdings. A highest and best use determination was made by the trial judge based on competent evidence in the record; we find no error in that judgment.
 Since the temporary construction servitude immediately paralleled and adjoined the taking south of the highway, a $9,000.00 per acre value was also applied to that property. The court accepted Mr. Driggers’ suggestion of 8 per cent per year for three years as a proper measurement for the award. Therefore, valuing the 2.-912 acres required for that period of time at $9,000.00 per acre would dictate payment to the landowners of $6,290.00, which was ordered by the court below.
Severance damages were refused for the acreage south of the highway but were ordered in the amount of 10 per cent for the three remainders created north of the highway, which together totaled 4.565 acres. That award was less than the 15 per cent severance damages assigned by Williams and the 20 per cent found by Book. Mr. Driggers found no severance damages; Mr. Carlock found that only the 24 foot remainder cut off by the drainage servitude should be considered damaged, and that to the extent of 90 per cent. Rather than accept the testimony of any one appraiser on the question of severance damages, the court arrived at a value between those suggested by the experts. The record indicates that while the property fronting on Bayou Lafourche was reduced in depth by some twenty to thirty feet at varying locations by the taking, that because of the great demand for such property, its value was not greatly diminished thereafter. An award of severance damages between the amounts estimated by the appraisers is within the broad discretion of the trier of fact and is well supported by the record herein. See State, Department of Highways v. McPherson, supra.
For the foregoing reasons, the judgment appealed is affirmed. The appellant is cast with all court costs for which it is legally liable.
Affirmed.